

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ERIC L. RONCK,                                          Civ. No. 08-1156-AA

                    Plaintiff,                          OPINION AND ORDER

          v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                    Defendant.

_____

Alan R. Unkeles
1869 N.W. 169th Place, No. 121
Beaverton, OR  97006
     Attorney for Plaintiff

Kent S. Robinson
Acting United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon   97204-2902

Lisa Goldoftas
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, Washington   98104-7075
     Attorneys for Defendant

AIKEN, Chief Judge:

     Plaintiff brings this action pursuant to 42 U.S.C. § 405(g),

1    - OPINION AND ORDER

seeking judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits (DIB) and Supplemental Security Income benefits (SSI) under Titles II and XVI of the Social Security Act (the Act).  The Commissioner's decision is affirmed.

## PROCEDURAL HISTORY

In February 2005, plaintiff protectively filed his DIB and SSI applications, alleging disability since November 25, 2002 due to bipolar disorder, back problems, and nerve damage to his wrists. Tr. 99-100, 102-03, 113.  The applications were denied initially and upon reconsideration. Tr. 33-46.  On April 7, 2006, after timely requesting an administrative hearing, plaintiff appeared and testified  before an Administrative Law Judge (ALJ).  Tr. 338-47. The hearing was continued to allow for a consultive examination of plaintiff, and on October 17, 2006, the ALJ conducted a second administrative hearing and heard testimony from plaintiff and a vocational expert.  Tr. 348-402.  On November 2, 2006, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act.  Tr. 274-82.  The Appeals Council accepted review and issued an order remanding the case for reconsideration of certain alleged impairments, functional limitations and lay witness statements.  Tr. 288-91.  On October 1, 2007, plaintiff and a vocational expert appeared and testified before a different ALJ. Tr. 403-32.  On October 20, 2007, the ALJ issued a decision again

2    - OPINION AND ORDER

finding plaintiff not disabled.  Tr. 24-30.  The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  Tr. 6-10.  Plaintiff now seeks judicial review.

Born in 1964, plaintiff was forty-three years old at the time of the ALJ's decision, with a ninth grade education and past relevant work as a forklift driver and grinder.  Tr. 99, 137-41, 426.

## STANDARD OF REVIEW

The initial burden of proof rests upon the claimant to establish his or her disability, while the Commissioner bears the burden of developing the record.  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995); DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).  The district court must affirm the Commissioner's disability determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld,

3    - OPINION AND ORDER

however, even if "the evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

DISABILITY ANALYSIS

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. § 423(d)(1)(A).   The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.   Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(a), 416.920(a).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period of alleged disability.  Tr. 26; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At steps two and three, the ALJ found that plaintiff has "medically severe" impairments of obesity, bipolar disorder, anxiety disorder, personality disorder, and alcohol and cannabis abuse, but that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity."  Tr. 26-27; Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c),(d), 416.920(c),(d).

At steps four and five, the ALJ must assess the claimant's

4   - OPINION AND ORDER

residual functional capacity (RFC) and determine the sustained work-related activities the claimant can still perform on a regular and continuing basis.    20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945.    Here, the ALJ found that plaintiff retained the RFC to perform light work with occasional climbing, kneeling, stooping, crouching, and crawling. Tr. 27.    The ALJ further found that plaintiff was moderately limited in his ability to understand, remember and carry out detailed instructions; interact appropriately with the public, co-workers, and supervisors; and respond appropriately to work pressures and changes in a routine work setting.    Tr. 27.

Based on this RFC assessment, the ALJ found that plaintiff was able to perform his past relevant work as a forklift driver and grinder.    Tr. 30; 20 C.F.R. §§ 404.1520(f), 416.920(f).    Thus, the ALJ did not proceed to step five to determine whether plaintiff is able to perform other work which exists in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g).

<u>DISCUSSION</u>

Plaintiff contends the ALJ improperly rejected plaintiff's testimony regarding the severity of his symptoms and functional limitations without articulating legally sufficient reasons. Plaintiff also contends the ALJ relied on inadequate vocational evidence because the vocational expert (VE) identified jobs that exceed his RFC, and the ALJ failed to resolve conflicts between the

VE's testimony and information in *The Dictionary of Occupational Titles* (DOT).

I.    The ALJ Properly Evaluated Plaintiff's Subjective Complaints

Plaintiff contends the ALJ failed to articulate clear and convincing reasons for rejecting his testimony and other statements of record regarding pain and numbness in his hands, his ability to walk, and his fatigue and need for sleep.

If a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged and no affirmative evidence of malingering exists, the ALJ must assess the credibility of the claimant regarding the severity of symptoms. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996); Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986). The ALJ may discredit a claimant's testimony regarding the severity of symptoms by providing specific, clear and convincing reasons for doing so. Smolen, 80 F.3d at 1284. When making a credibility evaluation, the ALJ may consider objective medical evidence together with:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. . . . The ALJ must also consider . . . the claimant's work record and the observations of treating and examining physicians and other third parties . . . .

Id. at 1284 (citations omitted).  While the ALJ may not reject a claimant's testimony about the severity of symptoms solely because it is not corroborated by objective medical findings, the absence of such evidence is relevant when properly considered in context with the evidence of record.  Id. at 1284-85.

Plaintiff first argues that the ALJ erred in discrediting his testimony regarding the limited use of his hands.  The ALJ found plaintiff's complaints not credible because plaintiff had been treated for hand symptoms, given a full release to return to work, and had not sought further medical treatment for his hands.  Tr. 29.  The record reflects that plaintiff received medical treatment in 2002 for numbness in his hand and arms, subsequently noted improvement, and was given a full release to work.  Tr. 231-40. The record reflects no further medical treatment for numbness or other issues related to plaintiff's hands.  Given that plaintiff has sought medical treatment for issues other than pain or numbness in his hands, the ALJ provided legally sufficient reasons for his credibility assessment.  Tr. 312-14, 320-37; Orr v. Astrue, 495 F.3d 625, 637-38 (9th Cir. 2007) (discussing Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1464 (9th Cir. 1995)).

Plaintiff also argues that the ALJ did not provide legally adequate reasons for rejecting his testimony that he has difficulty walking.  Plaintiff argues that the ALJ ignored the finding of the consulting medical examiner that plaintiff exhibited shortness of

7   - OPINION AND ORDER

breath.  However, while the examining physician specifically found that plaintiff's obesity interfered with his ability to stoop, climb, crouch, kneel, balance, or crawl, she found no limitations in his ability to walk.  Tr. 197-99.[1]  Instead, the examining physician found plaintiff's shortness of breath was due to "severe deconditioning."  Tr. 198.  Further, plaintiff reported to the examining physician that his bipolar disorder was the main reason he could not work, and that his back pain did not generally impede his ability to walk.  Tr. 195.  The ALJ also noted that plaintiff performed odd jobs, mowed, shopped, and went to garage sales.  Tr. 30, 162, 164.  Thus, I find that the ALJ provided legally sufficient reasons to discredit plaintiff's testimony regarding his ability to walk.

Finally, plaintiff contends that the ALJ erroneously rejected his complaints of fatigue and need to nap.  However, as the ALJ emphasized, plaintiff cites no objective medical evidence or credible evidence of a condition that could reasonably be expected to require plaintiff to nap every day as a functional limitation. Tr. 29.  In sum, I find that the ALJ applied proper standards and provided an adequate basis for discounting plaintiff's credibility.

## II.   The ALJ Elicited Adequate Vocational Evidence

Plaintiff contends that the ALJ found him capable of

---

[1]Plaintiff also argues that the ALJ discredited his testimony regarding his difficulty climbing stairs, but the ALJ adopted limitations regarding the ability to climb.  Tr. 27.

performing occupations which require functional capabilities excluded by his RFC. I find no error.

The VE testified that a person with plaintiff's RFC could perform plaintiff's past relevant work as a forklift driver and grinder. Tr. 428-29. Plaintiff contends that the ALJ's reliance on the VE's testimony was erroneous, because the DOT states that the job of grinder requires Level 3 Reasoning, a requirement that conflicts with his moderate limitations in understanding, remembering, and carrying out detailed instructions. Plaintiff's Brief, pp. 7-9. I note that the ALJ specifically asked the VE whether such limitations would affect the ability to perform the work of a grinder or forklift, and the VE testified that they would not. Tr. 429. Further, plaintiff fails to cite evidence in the record to support his argument that his limitations, as found by the ALJ, conflict with Level 3 Reasoning and preclude the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form," or "[d]eal with problems involving several concrete variables in or from standardized situations." Therefore, I find no reversible error. Massachi v. Astrue, 486 F.3d 1149, 1154 n.19 (9th Cir. 2007).

Even if the inclusion of grinder was error, the VE also identified forklift driver as work consistent with plaintiff's RFC. Tr. 428-29. Contrary to plaintiff's contention, reliance on this testimony was not erroneous. Plaintiff contends that the ALJ

9    - OPINION AND ORDER

ignored more demanding elements of his past work as a forklift driver, including supervising other workers and cleaning carpets. However, these duties exceed the DOT description of a forklift driver as the job is generally performed. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1166 (9th Cir. 2008). The ALJ did not improperly classify plaintiff's past work or find that plaintiff could perform only some tasks related to his past relevant work. Vertigan v. Halter, 260 F.3d 1044, 1051 (9th Cir. 2001). Thus, the ALJ's conclusion that plaintiff retains the RFC to perform past relevant work as a forklift driver is supported by the VE's testimony.

CONCLUSION

The ALJ's decision was based on proper legal standards and supported by substantial evidence in the record. Accordingly, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 2ND day of February, 2010.

_____
Ann Aiken
United States District Judge

10    - OPINION AND ORDER